FILED

2003 DEC 10 P 3:59

US [illegible]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY TORRES,<br>    Plaintiff, | Civil Action No.<br>3:03-CV-424<br>(CFD)(WIG) |
| v. | |
| HON. JOSEPH H. PELLEGRINO,<br>    Defendants. | December 3, 2003 |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME

The plaintiff, Anthony Torres, hereby objects to the defendants' second Motion for Extension of Time dated on its face of November 26, 2003 on the following grounds:

FILED

2003 DEC 10 P 3:59

1. The defendants' motion for extension of time is in bad-faith and a habitual act of causing delays in the disposition of this civil action. The delays are detrimental to the plaintiff because he is still being unconstitutionally barred from filing any civil action for personal injury tort or injunctive relief in the Connecticut Superior Court, Judicial District of Tolland at Rockville.

2. The defendants received service of the complaint on July 31, 2003. The defendants had, therefore, an ample opportunity to file their Appearance, and a subsequent Answer to the complaint, but negligently fail to do so.

3. It has long been the abusive tactic or practice by the State's Attorney General's office to create petty delays in the litigation when the civil action

involves a prisoner ~~pro se~~ plaintiff.

4. The State Attorney General's office has imposed a policy of not accepting telephone calls from prisoner ~~pro se~~ plaintiffs from the Northern prison compound where the plaintiff is incarcerated and they have instructed the prison administration at Northern to bar prisoner ~~pro se~~ plaintiffs from executing such telephone calls. Therefore, in response to the Attorney General's policy, the plaintiff has imposed an identical policy of not accepting telephone calls from the Attorney General's office. Tit-for-tat you might say.

5. Based on the plaintiff's experience in dealing with the Attorney General's office in matters concerning "agreement(s)," it has been the long practice of the Attorney General's office

-3-

in dealing with prisoner *pro se* plaintiffs in "agreement(s)" or negotiations, in bad-faith exclusively for the purpose of creating enormous delays based on invalid grounds. Therefore, the plaintiff will not, under any condition, participate in negotiations. The plaintiff will proceed with this civil action until a federal court judgment is rendered.

6. Therefore, the plaintiff objects to the defendants' second motion for extension of time and ask the District Court for prompt and serious consideration of his accompanied motion for a final default judgment against each of the defendants in their official capacities.

Dated: December 3, 2003        Respectfully submitted,

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

## CERTIFICATION

This is to certify that a true copy of the above objection was mailed, postage prepaid, on the 3rd of December 2003, pursuant to Rule - 5(b) of the FRCP, to Philip Miller, Asst. Attorney General, Office of the Attorney General, 55 Elm Street, P.O. Box - 120, Hartford, CT 06141-0120.

*Anthony Torres*
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-5-