UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC 29 P 3: ⁰⁰

ANTHONY TORRES                          : CIVIL ACTION NO.
　　*Plaintiff,*                         : 3:03 CV424 (CFD)(WIG)
                                        : HARTFORD, CT.
　　v.                                   :
                                        :
HONORABLE JOSPEH H. PELLEGRINO, :
HONORABLE JOHN J. LANGERBACH,   :
HONORABLE TERENCE A. SULLIVAN,  :
and KATHLEEN F. CHASE           :
　　*Defendants.*                        : December 29, 2003

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

This is an action for declaratory and injunctive relief[1] brought by the plaintiff, Anthony

Torres against the Honorable Joseph H. Pellegrino, Honorable John J. Langerbach, Honorable

Terence A. Sullivan, and Kathleen F. Chase, all in their official capacities, pursuant to 42 U.S.C.

§ 1983.  The plaintiff seeks a determination of the constitutionality of Conn. Gen. Stat. § 52-

185(a) as applied to the facts of this case.

Because, as discussed below, the defendants have already taken action to resolve the

issue underlying the plaintiff's complaint, the plaintiff lacks standing to seek a determination of

the constitutionality of § 52-185(a), and thus obtain an injunction.  Consequently, this action

should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Alternatively, the

Court should exercise its discretion and dismiss this case as moot.

---

[1] Although the plaintiff requests both declaratory and injunctive relief, essentially he is
petitioning the Court to do one thing, prohibit the "enforcement and/or its method of application
of C.G.S. § 52-185(a) in connection to the plaintiff who is an indigent prisoner . . . ."  Compl.
Prayer For Relief ¶ 2,3.  Because the only ground offered by the plaintiff for the Court to provide
him with injunctive relief is a declaration that § 52-185(a) is unconstitutional as applied to the
plaintiff, the plaintiff's request for declaratory and injunctive relief may be analyzed together.

1

## I.    FACTUAL BACKGROUND

The complaint alleges the following facts that are pertinent to this motion:

The complaint alleges that the plaintiff is an indigent inmate, currently incarcerated at the Northern Correctional Institution ("Northern"). Compl. at ¶ 5. The complaint alleges that, before being transferred to Northern, the plaintiff was incarcerated at the Cheshire Correctional Institution ("Cheshire"). Compl. at ¶ 11. While at Cheshire, the complaint alleges that the plaintiff had "unobstructed access to the Connecticut Superior Court for the Judicial District of New Haven . . . when filing a state common-law personal injury tort action covering the period of 1999 and 2000." Compl. at ¶ 11. The complaint further alleges that "[d]uring that specific period, the clerk's office at the Superior Court in New Haven automatically waived any prisoner pro se plaintiff from the requirements of § 52-185(a)."[2] Compl. at ¶ 11.

In September, 2000, the complaint alleges that the plaintiff was transferred to Northern, "where he allegedly sustained personal injuries" at the hands of several Northern employees. Compl. at ¶ 12. The complaint alleges that, as a result of the aforementioned conduct, the plaintiff brought an action in the New Haven Superior Court, captioned Torres v. Butler, et al. Compl. at ¶ 12. The complaint further alleges that the New Haven court transferred this action to the Judicial District of Tolland at Rockville ("Rockville"). Compl. at ¶ 12.

---

[2]Conn. Gen. Stat. § 52-185(a) provides:

> If the plaintiff in any civil action is not an inhabitant of this state, or if it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall, before the process is signed, enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him. The recognizance shall not be discharged by any amendment or alteration of the process between the time of signing and of serving it.

The complaint alleges that, after filing the <u>Butler</u> action, Northern employees committed additional acts against the plaintiff that, although were connected to the <u>Butler</u> action, "could not be incorporated with the [<u>Butler</u>] action at that specific time period." Compl. at ¶ 13. Consequently, on December 23, 2002, the complaint alleges that the plaintiff mailed the summons, complaint and waiver of fees application and various other legal papers in a new action, captioned <u>Torres v. Casey, et al.</u>, to the defendant Kathleen F. Chase, the Chief Civil Clerk at Rockville. Compl. at ¶ 9, 14. The complaint alleges that "the plaintiff had left the . . . bond [recognizance] section of the <u>Summons (JD-CV-1) Form</u> completely blank as he customarily [did] when filing and processing a civil action . . . in New Haven." Compl. at 14. The complaint further alleges that the plaintiff leaves this section blank because he "is indigent and no associations of any person who can step forward and be recognized in his behalf to prosecute in the amount of $250.00" Compl. at ¶ 2.

On January 9, 2003, the complaint alleges that Chase informed the plaintiff that the defendant, the Honorable Terence A. Sullivan, the Administrative Judge at Rockville,[3] instructed Chase "'not' to file and/or process the plaintiff's legal papers without the recognized bond." Compl. at ¶ 15. The complaint alleges that, as a result, the plaintiff's legal papers were returned to him. Compl. at ¶ 15.

The complaint alleges that, by preventing the plaintiff from filing his action, the defendants violated his federal constitutional rights of access to the courts, due process and equal

---

[3]The Honorable Jonathan J. Kaplan has replaced Judge Sullivan as the administrative judge in Rockville and, accordingly, should be substituted as a defendant.

protection. Compl. at ¶ 23. The complaint seeks a declaratory and injunctive relief.[4] Compl. at 1.

On December 11, 2003, the undersigned attorney sent a letter to the plaintiff, assuring him that "the clerks for the judicial district of Tolland at Rockville will accept and process all future civil actions, even when the recognizance section of the summons form has not been completed." Letter to Plaintiff attached as <u>Exhibit 1</u>. Moreover, the letter requested that the plaintiff refile his state complaint. <u>Exhibit 1</u>. At the time of filing this motion, the undersigned counsel had not received a response from the plaintiff. Consequently, concurrent with the filing of this motion, the undersigned attorney has sent a second letter to the plaintiff. <u>See</u> Letter to Plaintiff attached as <u>Exhibit 2</u>.

## II.    STANDARD OF REVIEW

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court "must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." <u>Sicignano v. United States</u>, 127 F. Supp. 2d 325, 328 (D. Conn. 2001) (quoting <u>Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992)). However, "[i]n resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." <u>Luckett v. Bure</u>, 290 F.3d 493, 496-97 (2d Cir. 2002) (quoting <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000)).

---

[4]The complaint also requests an award of costs and attorneys fees. However, the plaintiff has been given <u>in forma pauperis</u> status. Thus, his costs are limited to the $150 filing fee. Additionally, " a <u>pro se</u> litigant . . . is <u>not</u> entitled to attorney's fees," pursuant to 42 U.S.C. § 1988. <u>Kay v. Ehrler</u>, 499 U.S. 432, 435 (1991) (emphasis in original); <u>Hawkins v. 1115 legal Serv. Care</u>, 163 F.3d 684, 694 (2d Cir. 1998).

## III.    ARGUMENT

**A.    BECAUSE THE PLAINTIFF NOW IS ABLE TO FILE HIS STATE COURT ACTION, HE LACKS STANDING TO SEEK A DETERMINATION OF THE CONSTITUIONALITY OF CONN. GEN. STAT. § 52-185(a).**

Although the plaintiff seeks both declaratory and injunctive relief, both requests require the Court to determine the constitutionality of Conn. Gen. Stat. § 52-185(a). The plaintiff, however, now is able to file his state court action in Rockville. Consequently, the plaintiff lacks standing to pursue this action because he can do no more than speculate that this claim will arise again.

A party seeking to invoke federal jurisdiction bears the burden of establishing, at a minimum, that he has: (1) "suffered an 'injury in fact,' i.e., an invasion of a judicially cognizable interest which is concrete and actualized, rather than conjectural or hypothetical"; (2) that his injury was caused by the defendant's conduct; and (3) "that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Center For Reproductive Law & Policy v. Bush, 304 F.3d 183, 191 (2d Cir. 2002) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). The plaintiff can not satisfy this burden.

The only injury that the complaint alleges arises out of the defendants' actions in refusing to accept the plaintiff's state court complaint. However, the plaintiff now is able to file this complaint. Therefore, this past injury plainly is insufficient to confer upon him standing to obtain a declaration that Conn. Gen. Stat. § 52-185(a) is unconstitutional. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102-03 (1983) (holding that plaintiff lacked standing to obtain equitable relief and reiterating prior holdings "that past wrongs do not in and of themselves amount to that real and immediate threat of injury necessary to make out a case or controversy"); Deshawn E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or

declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."). Therefore, the plaintiff's ability to establish Article III standing hinges on whether he has "'show[n] a likelihood that he . . . will be injured in the future.'" Stack v. City of Hartford, 170 F. Supp. 2d 288, 293 (D. Conn. 2001) (quoting Deshawn E., 156 F.3d at 344.

The plaintiff is unable to demonstrate that he will be prohibited from filing a future action in state court. Even if he had so alleged, he would still lack standing because such a claim is, by its very nature, speculative. Given that the clerks in Rockville have been instructed to accept filings without a completed recognizance section, there is no way for anyone to know the likelihood of whether the plaintiff will again be subjected to such allegedly unconstitutional conduct. Article III makes clear that such speculation is insufficient to invoke the jurisdiction of the Court. Consequently, the plaintiff lacks standing to pursue this action and the complaint must be dismissed.

**B.    BECAUSE THE PLAINTIFF NOW IS ABLE TO FILE HIS STATE COURT ACTION, HIS CLAIM IS MOOT**

Assuming that the Court concludes that the plaintiff has standing to maintain this action, because the plaintiff now may file his state court action, the Court should, in the exercise of its discretion, dismiss this action as moot.

"The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001). Consequently, "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome,' . . . a case is moot and the federal court

6

is divested of jurisdiction over it." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

One exception to the mootness doctrine is the "voluntary cessation" exception. Campbell v. Greisberger, 80 F.3d 703, 706 (2d Cir. 1996). "[A] s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot,'" County of Los Angeles v. Davis, 440 US. 625, 631 (1979) (quoting United States v. W.T. Grant C., 345 U.S. 629, 632 (1953)). However, "such action does bear on whether the court should, in its exercise of discretion, dismiss the case as moot." Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo, 981 F.2d 50, 59 (2d Cir. 1992).

In order for a case to become moot, once a court has properly acquired jurisdiction, the defendant must demonstrate that "(1) 'there is no reasonable expectation that the alleged violation will recur,' and (2) 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Campbell, 80 F.3d at 706 (quoting Davis, 440 U.S. at 631). Although a defendant "bears a heavy burden when it seeks to have a case dismissed as moot . . . whether it should be dismissed or not lies within the sound discretion of the district court." Harrison & Burrowes Bridge Constructors, Inc., 981 F.2d at 59. When making such a determination, "[s]ome deference must be accorded to a state's representations that certain conduct has been discontinued." Id.

On the facts of this case, it is clear that the defendants satisfy the two conditions for the Court to decline to continue to exercise jurisdiction over this action. First, there is no reasonable expectation that the alleged violation will recur because all clerks in Rockville, including Chase, have been instructed to accept and process all civil actions, including those in which the recognizance section of the summons form has been left blank, provided that all other procedural

requirements have been met.  In fact, the plaintiff has been informed that he may file his state complaint.  See Exhibit 1.  Moreover, it should be noted that there is no state policy to not to accept filings wherein the recognizance section of the summons has been left blank, as is evidenced by the fact that the plaintiff previously has filed actions in New Haven without completing the recognizance section.  Compl. at ¶ 11, 12.

Turing to the second prong, namely, whether intervening events "'have completely and irrevocably eradicated the effects of the alleged violation.'" Campbell, 80 F.3d at 706 (quoting Davis, 440 U.S. at 631), the plaintiff now is able to file his state action at any time.  Consequently, once the plaintiff files the complaint, he will be in the identical position that he would have been in had the Rockville clerk accepted his original complaint.

## IV.    CONCLUSION

For the reasons set forth above, the defendants respectfully request that the Court

dismiss the plaintiff's complaint

                                        DEFENDANTS,
                                        HONORABLE JOSEPH H. PELLEGRINO,
                                        HONORABLE JOHN J. LANGERBACH,
                                        HONORABLE TERRANCE A. SULLIVAN,
                                        KATHLEEN F. CHASE

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


                          BY:  *Philip Miller*
                                        Philip Miller
                                        Assistant Attorney General
                                        Federal Bar No. ct25056
                                        55 Elm Street
                                        PO Box 120
                                        Hartford, CT 06141-0120
                                        Tel:  (860) 808-5020
                                        Fax:  (860) 808-5347
                                        Email:  phil.miller@state.po.ct.us

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing Opposition to Plaintiff's Motion for Entry of

Default was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this

29th day of December, 2003, first class postage prepaid to:

    Anthony Torres, Pro se
    Inmate #246027
    Northern Correctional Institution
    287 Bilton Road, PO Box 665
    Somers, CT 06071

    Courtesy copy mailed to:

    Honorable William I. Garfinkel
    915 Lafayette Boulevard
    Bridgeport, CT 06604


                                    _____
                                    Philip Miller
                                    Assistant Attorney General



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

*Tel: ( 860 ) 808-5020*
*Fax: (860) 808-5347*

December 11, 2003

Mr. Anthony Torres
Inmate #246027
Northern Correctional Institution
287 Bilton Road, P.O. Box 665
Somers, Connecticut 06071

**Re:**  *Torres v. Pellegrino, et al.*, Case No. 3:03CV424(CFD)(WIG)

Dear Mr. Torres:

     I have reviewed your complaint, in which you allege that the defendant, Kathleen F. Chase, at the direction of Judge Terence A. Sullivan, refused to process a complaint, alleging tortuous conduct by various Northern Correctional Institute employees, that you sought to file in the judicial district of Tolland at Rockville for your failure to complete the recognized bond section of the summons form, JD-CV-1. The complaint further alleges that the failure of the defendants "to permit the plaintiff's properly prepared and valid claims to be filed and processed in the State" violates several of your federal constitutional rights.

     Having spoken to several of the named defendants, I have been assured that the clerks for the judicial district of Tolland at Rockville will accept and process all future civil actions, even when the recognizance section of the summons form has not been completed. Therefore, I request that you refile your complaint with the clerk in Rockville. Once your complaint has been processed, I further request that you withdraw your current federal lawsuit, as the cause of action it alleges would be moot.

     By enabling you to refile your state tort action, I am in no manner representing that any or all defendants will not subsequently move to dismiss your action for failure to file a bond or a recognizance.

Yours truly,

*Philip Miller*

Philip Miller
Assistant Attorney General

Exhibit 1.

*Tel: ( 860 ) 808-5020*
*Fax: (860)  808-5347*

December 29, 2003

Mr. Anthony Torres
Inmate #246027
Northern Correctional Institution
287 Bilton Road, P.O. Box 665
Somers, Connecticut 06071

**Re:  *Torres v. Pellegrino, et al.*, Case No. 3:03CV424(CFD)(WIG)**

Dear Mr. Torres:

On December 11, 2003, I sent you a letter in which I informed you that the clerks for the Judicial District of Tolland at Rockville have been instructed to accept and process all future civil actions wherein the recognizance section of the summons form has not been completed.  I am enclosing a copy of this letter.  Accordingly, I urged you to refile your state action and withdraw your federal lawsuit challenging the constitutionality of Conn. Gen. Stat. § 52-185(a).

Because I have not received a response from you, in order to preserve our defenses, I have filed a motion to dismiss and an accompanying memorandum of law.  Rather than consuming the Federal District Court's time and resources I once again request that you refile your state court action and then withdraw your federal lawsuit.

Yours truly,

Philip Miller
Assistant Attorney General

Encl.

Exhibit 2.