JAN 2 6 2004

FILED
2004 FEB -3 P 3: 38
US DISTRICT
[illegible]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
   Plaintiff,

v.

HON. JOSEPH H. PELLEGRINO,
et al.,
   Defendants.

Civil Action No.
3:03-CV-424
(CFD)(WIG)

: January 7, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

The defendants had filed a Motion to Dismiss on December 29, 2003 pursuant to Rule-12(b)(1) of the Federal Rules of Civil Procedure arguing that

this court lacks subject matter jurisdiction over the plaintiff's cause of action because he allegedly lacks standing to obtain a determination of the constitutionality of the challenged statute <u>C.G.S. Sec. 52-185(a)</u> as applied to the facts of this case.

What the defendants failed to mentioned in their motion and memorandum was that the plaintiff's <u>Complaint</u> was amended and filed with this court on or about December 23, 2003. The <u>First Amended Complaint</u> clearly enlarges to cover an area of a constitutional claim that has been threaten by the defendants after his State common-law personal injury tort is filed with the Rockville clerk's office.

In defendants' <u>Exhibit-1</u> attached to their memorandum in support of their motion to dismiss, defense counsel made the following statement to the plaintiff:

"By enabling you to refile your state tort action, I'am in no manner representing that any or all defendants will not subsequently move to dismiss your action for failure to file a bond or a recognizance."

The above exhibit (letter) of December 11, 2003, addressed to the plaintiff, under the disguise of a propose settlement of this federal civil action, is surely nothing more than a manipulative tactic which

would leave the plaintiff in the <u>very same position</u> as he had been prior to filing of this very federal civil action. What purpose does it serve for the plaintiff to file his State lawsuit when it is the intent of the State court to dismiss the action pursuant to the very same statute that the plaintiff is challenging as unconstitutional in the manner in which it is applied to the indigent plaintiff?

The plaintiff's amended complaint alleging unconstitutional conduct by the defendants and the unconstitutional application of the statute, <u>C.G.S., Sec. 52-185(a)</u>, clearly involves constitutional questions that concern the plaintiff <u>after</u> he is permitted to file his State civil action with the clerk's office.

-4-

The defendants' arguments that the plaintiff lacks legal standing is meritless under the <u>First Amended Complaint</u>. This federal action no longer involves past injuries, nor does it pertain to speculation. Therefore, the plaintiff has established the federal jurisdiction requirements under Article III of the United States Constitution as specified in the <u>Center For Reproductive Law and Policy v. Bush</u>, 304 F.3d 183 at 191 (2d Cir. 2002)(citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 at 560-61 (1992). Therefore, the plaintiff has established that he will be injured in the <u>very near future</u> because it is the intent of the defendants to unconstitutionally dismiss the plaintiff's future State common-law actions, as described in

the amended complaint, which triggers the legal standing under Article -III of the federal constitution. ①

The plaintiff has demonstrated that the defendants will in fact, intentionally, obstruct the adjudication of his State civil action by invoking the very same statute the plaintiff has been claiming to be unconstitutional as it is applied to him.

---

FN-1. The plaintiff is citing caselaw from the defendants' memorandum. The plaintiff does not have access to the full text of those cited caselaws due to legal complications which had arose in the past, and is ongoing, with the inmates' legal assistance provider under contract with the Department of Correction. The plaintiff is, therefore, repeating those caselaws somewhat blindly.

The defendants also argues, as an alternative, to dismiss the federal action because of its alleged mootness. This argument by the defendants also fails because the dispute over the State statute, <u>C.G.S. Sec. 52-185(a)</u> still actively exist as an obstruction to the plaintiff's presentation of his claims before the State courts. The defendants' citing of <u>Powell v. McCormack</u>, 395 U.S. 486 at 496 (1969), aids the plaintiff and not the defendants.

In conclusion, the defendants' motion to dismiss should be denied in its entirety.

Dated: January 7, 2004      Respectfully submitted,

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT  06071

## CERTIFICATION

This is to certify that a true copy of the above memo was mailed, postage prepaid, on this 22nd day of January 2004, pursuant to Rule-5(b) of the FRCP, to Philip Miller, Asst. Attorney General, Office of the Attorney General, 55 Elm Street, P.O. Box 120, Hartford, CT 06141-0120.

_Anthony Torres_
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-8-