JAN 2 6 2004

FILED

2004 FEB -3 P 3: 38

US DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY TORRES,
      Plaintiff,

        v.

HON. JOSEPH H. PELLEGRINO,
Chief Court Administrator for the
State of Connecticut; HON. JOHN
J. LANGERBACH, Chief Administ.
Judge for the Civil Division of
the Connecticut Superior Court;
HON. TERENCE A. SULLIVAN,
Administ. Judge for the Connecticut
Superior Court, Judicial District
of Tolland at Rockville and
KATHLEEN F. CHASE, Chief
Clerk -Civil for the Connecticut
Superior Court for the Judicial
District of Tolland at Rockville.
    (All in their official capacity
only). Defendants.

Civil Action No.
3:03-CV-424
(CFD)(WIG)

FIRST
AMENDED
COMPLAINT

December 23, 2003

# I. Preliminary Statement

1. The plaintiff is an indigent person incarcerated with the Connecticut State Department of Correction (DOC) and he brings this federal civil action seeking declaratory and injunctive relief to enjoin the defendants from unconstitutionally applying upon him the Connecticut General Statute, Section 52-185(a), requiring the indigent plaintiff to provide the court clerk with a cash bond of $250.00 and/or to have him provide a signature of a name and address of a person to be recognized in behalf of the plaintiff to prosecute in the amount of $250.00.

2. The plaintiff alleges that he is indigent and has no association with any person who can step forward to be recognized in his behalf to prosecute this civil action in the amount of $250.00. The plaintiff

claims that the enforcement by the State court of the recognized bond, whereas, in the method in which it is applied to him is being unconstitutionally use to block, hinder and obstruct the plaintiff from filing his common-law personal injury State tort claims before that court. The plaintiff claims that his First and Fourteenth Amendment to the United States Constitution is being violated by the defendants by their refusal to permit the plaintiff from filing and processing his State <u>Summons</u> and <u>Complaint</u> in the Connecticut Superior Court, Judicial District of Tolland at Rockville.

3. Additionally, the plaintiff brings this federal civil action seeking declaratory relief by striking down and/or invalidating, as unconstitutional, <u>Connecticut General Statute, Section 52-185(a)</u>, in respects to its application upon the

- 3 -

indigent plaintiff, who also has no associates
or persons to step forward to be
recognized in his behalf to prosecute in
any specific dollar amount, and furthermore,
the plaintiff is seeking to enjoin the
defendants, including any and all Connecticut
State superior, appellate and supreme
court judge or his or her designee,
in their official capacity, from their
subsequent enforcement, sua sponte or
by motion for dismissal initiated by any
named defendant and/or adverse party in
any contemplated State civil action, through
the use of the State statute C.G.S. Sec.
52-185(a), whereas the plaintiff,
Anthony Torres, is prosecuting said civil action.

   4. The indigent plaintiff also
alleges that the defendants are participating
in a concerted statewide effort to
unconstitutionally block, hinder and obstruct
him, and other pro se prisoners, from

prosecuting any and all contemplated State
personal injury tort civil action that fails
to provide the statutory cash security bond
and/or recognizance requirements on the
summons form, JD-CV-1, by their
malicious and bad-faith invocation of
C.G.S. Sec 52-185(a).


## II. Jurisdiction

5. This action is filed pursuant to
Title 42 U.S.C. 1983. Jurisdiction is
conferred on this Court pursuant to
Title 28 U.S.C. 1343(3) and (4) which
grants jurisdiction over cases brought
under Title 42 U.S.C. 1983, challenging
the deprivation of federal constitutional
or statutory rights.

6. Declaratory and injunctive relief is authorized by Title 28 U.S.C. 2201, and 2202, Title 42 U.S.C. 1983 and Rules -57 and 65 of the Federal Rules of Civil Procedures. Cost and attorney's fees are authorized pursuant to Title 42 U.S.C. 1988.

## III. Parties

7. The plaintiff, Anthony Torres, is presently and, at all times pertinent hereto, has been an indigent inmate at the Northern Correctional Institution (NCI), Somers, Connecticut, having been convicted and sentenced under the laws of the State of Connecticut. During his confinement, the plaintiff has, on occasions, utilize the Connecticut Superior Court, Judicial District of New Haven at New Haven in litigating his common-law personal injury claims and

avoiding the federal courts whenever possible due to the enactment by the United States Congress of the <u>Prison Litigation Reform Act</u> of 1995/96 which severely restricted a prisoner's access to the federal courts.

8. The defendant, the Honorable Joseph H. Pellegrino, is and for all times pertinent hereto, was the Chief Court Administrator for the State of Connecticut. His duties, as described by the <u>Connecticut General Statute</u>, involves the overall administration of all Superior Court, Appellate Court and Supreme Court in the State of Connecticut. Defendant Pellegrino is being sued in his official capacity only.

9. The defendant, the Honorable John J. Langerbach, is and for all times pertinent hereto, was the Chief Administrative

Judge for the Civil Division of the Connecticut Superior Court. His duties, as described by the Connecticut General Statute, involves the specific administration of the Civil Division of the Superior Courts in the State of Connecticut. Defendant Langerbach is being sued in his official capacity only.

10. The defendant, the Honorable Terence A. Sullivan, is and for all times pertinent hereto, was the Administrative Judge for the Connecticut Superior Court, Judicial District of Tolland at Rockville. His duties, as described by the Connecticut General Statute, involves the overall administration of the Connecticut Superior Court, Judicial District of Tolland at Rockville. Defendant Sullivan is being sued in his official capacity only.

11.    The defendant, Kathleen F. Chase, is and for all times pertinent hereto, was the Chief Clerk - Civil for the Connecticut Superior Court for the Judicial District of Tolland at Rockville. Her duties, as described by the Connecticut General Statute and Practice Book, involves the management of the Clerk's Office - Civil of the Connecticut Superior Court, Judicial District of Tolland at Rockville, and more specifically, her duties were to facilitate the filing and processing of State common - law personal injury, tort cases, among others, that are within the jurisdiction of her district as described in the State statutes and Practice Book. Defendant Chase is being sued in her official capacity only.

12. Each of the above named defendants were acting under color of State law in performing and/or failing to perform acts that was the proximate cause of the deprivation of the plaintiff's constitutional rights: to wit, the unconstitutional application and/or enforcement of Connecticut General Statute, Section 52-185(a) which has severely blocked, hindered and obstructed the plaintiff from filing and adjudicating his State common-law personal injury tort action with the Connecticut Superior Court for the Judicial District of Tolland at Rockville and they are all currently participating in a concerted effort to unconstitutionally dismiss any and all contemplated State common-law personal injury tort cases, sua sponte, or by motion of an adverse party, if the State court is compelled by this very federal

court to accept the filing of the plaintiff's tort actions and the tort actions of other prisoners. The actions by the defendants, as described in this federal civil rights action, are solely for the wrongful and unconstitutional purpose of undermining the federal Prison Litigation Reform Act which advocates the availability of jurisdiction of tort cases within the State forum and not in the federal courts.

## IV. Statement of Facts

13. The plaintiff, Anthony Torres, is an indigent prisoner who has no family or friends to provide him assistance. The plaintiff is incarcerated at the NCI in Somers, Connecticut. Prior to his transfer to the NCI, the plaintiff was housed at the Cheshire Correctional Institution (CCI) in Cheshire, Connecticut. During his incarceration

at the CCI, the plaintiff had unobstructed access to the Connecticut Superior Court for the Judicial District of New Haven at New Haven when filing a State common-law personal injury tort action covering the period of 1999 and 2000. During that specific period, the Clerk's office at the Superior Court in New Haven had automatically waived any prisoner pro se plaintiff from the requirements of Section 52-185(a) of the Connecticut General Statute. Said waiver or non-enforcement had permitted the indigent plaintiff to pursue his valid State personal injury claims in that court forum.

14. In September 2000, the plaintiff was transferred to the NCI in Somers, Connecticut, where he allegedly sustained personal injuries by the intentional and wanton acts of several NCI prison employees. The plaintiff filed his suit,

TORRES v. BUTLER, et al., in the Superior Court at New Haven where that court had ordered the venue transfer of the civil case to the Judicial District of Tolland at Rockville.

15. Thereafter, while the BUTLER case was being litigated at Rockville, additional tortious acts were allegedly committed by other NCI employees in connection to the BUTLER case which could not be incorporated in that pending State action at that specific time period and it would have caused a legal or litigation nightmare for the plaintiff if such an attempt of incorporation was made. The plaintiff prepared a separate common-law personal injury State tort action, TORRES v. CASEY, et al, with the hope of consolidating the CASEY case with the BUTLER at a later date.

16. On December 23, 2002, the plaintiff mailed the CASEY's Summons, Complaint and Waiver of Fees application to the defendant, Kathleen F. Chase, for filing and processing at her civil clerk's office in Rockville. Included with those legal papers was the plaintiff's application for an Order to Show Cause, a proposed Restraining Order and an Affidavit against the CASEY defendants. In said mailing the plaintiff had left the recognized bond section of the Summons (JD-CV-1) Form completely blank as he customarily does when filing and processing a civil action at the Superior Court in New Haven.

17. On January 9, 2003, Defendant Chase informed the plaintiff that she had presented the _CASEY_ legal papers to the defendant, the Honorable Terence A. Sullivan, Administrative Judge, for a decision as to the filing and processing of the documents without the name and address of a person recognized to prosecute in the amount of $250.00. According to Defendant Chase, Judge Sullivan had firmly instructed her "not" to file and/or process the plaintiff's legal papers without the recognized bond. All the legal papers were then mailed back to the plaintiff. This described act had effectively and unconstitutionally blocked the plaintiff's access to the Connecticut Superior Court in connection to his common-law personal injury tort action.

18. On January 10, 2003, the plaintiff wrote identical letters to Defendant Joseph H. Pellegrino, Chief Court Administrator for the State of Connecticut and to Defendant John J. Langerbach, Chief Administrative Judge

for the Civil Division of the Connecticut
Superior Court seeking their intervention in
resolving the Rockville clerk's office processing
issue pertaining to the recognized to prosecute
bond — <u>C.G.S. Sec 52-185(a)</u>. Said correspondence
to both defendants made the following plea:

"This recognized bond issue is being
unconstitutionally applied to me which
is blocking my access to the Connecticut
Superior Court for relief in the
<u>TORRES v. CASEY</u>, et al. case in
violation of the Fourteenth Amendment
of the United States Constitution.
I am an indigent prisoner and I am
unable to obtain anyone for the
recognized bond requirement. Therefore,
the bond should be waived by the
Clerk and/or court judge. Since
Ms. Chase (and allegedly by Judge
Sullivan) is refusing to process the

legal documents for personal service
upon the named defendants and its
adjudication, I respectfully must
now seek your intervention in
this conflict."

19. Defendant Pellegrino responded
to the plaintiff's January 10, 2003
correspondence, but refused to intervene in
the matter. Defendant Langerbach simply
failed to respond to the plaintiff altogether.

20. Due to the long and unreasonable
delays by the United States District Court
in adjudicating this very federal civil action,
the time period required by the plaintiff
to file his TORRES v. CASEY, et al
civil action in State court to subsequently
have that State tort action consolidated
with the TORRES v. BUTLER, et al civil
action was forever lost. The plaintiff's

-17-

pleadings in the <u>BUTLER</u> civil action was closed in May or June 2003 and the case went to trial on August 25, 2003. The plaintiff did not prevail in that civil trial when a judgment was entered on October 8, 2003 in favor of the defendants.

21. On December 11, 2003, the defendants in this federal civil action sent the plaintiff a letter proposing a settlement of this federal civil action. <u>See the attached exhibit to this First Amended Complaint.</u> The final paragraph of that letter stated:

"By enabling you to refile your state tort action, I am in no manner representing that any or all defendants will not subsequently move to dismiss your action for failure to file a bond or a recognizance."

22. The above quote by the defendants declares their intent, or at least implies their objectives, to dismiss, sua sponte or otherwise, any and all contemplated State common-law personal injury tort actions filed by the plaintiff for failure to comply with the bond and/or the recognizance statutory requirement under C.G.S. Sec. 52-185(a). Therefore, the plaintiff's protected federal constitutional rights will continue to be violated despite providing the plaintiff access to filing his tort actions in the State court. The defendants' proposal for settlement was merely a scam and rejected by the plaintiff.

23. The above described deprivation, as shown in Paragraphs -16 through 22, is exactly the very acts which the former Senator Bob Dole, and other members of the United States Congress, had assured will never happen to State

prisoners during the floor debates in their
urging for the enactment of the Prison
Litigation Reform Act of 1995/96 which
severely curtailed prisoners' civil actions
in federal court. Their specific argument
was that civil court cases, such as the
type the plaintiff wishes to initiate and
adjudicate, was easily accessible for
filing and adjudication in the State
courts of this country. Therefore, no
adverse impact upon a prisoners' access
to judiciary remedies will be experienced.
Paragraphs - 16 through 22 above, however,
alleges otherwise.

24. Each of the four defendants
have a constitutional obligation under the
First and Fourteenth Amendment of the
United States Constitution to permit the
plaintiff's properly prepared and valid
claims to be filed and adjudicated in
the State court without obstructions or

hindrance and that the method in which C.G.S. Sec. 52-185(a) is being applied, and/or threaten to be applied, in connection with the plaintiff, has deprived him of his federal constitutionally protected rights to access to the courts, due process and equal protection of the law.

25. The plaintiff has no legal services or financial resources, nor the assistance of family or friends, to adequately overcome the obstacle that has been placed in front of him by the method in which C.G.S. Sec. 52-185(a) is being applied, and/or threaten to be applied, against pro se indigent prisoners such as the plaintiff.

26. The plaintiff has no adequate remedy at law, and the likelihood of future substantial and immediate irreparable injury to any contemplated litigation in

the State court involving condition -of-
confinement and/or common-law personal
injury tort actions against individual
prison officials' intentional and wanton
acts is real and imminent. The plaintiff
seeks this federal court to issue a
declaratory judgment striking down as
unconstitutional the Connecticut State
court's method in which they apply,
and/or intend to apply, C.G.S. Sec.
52-185(a) to the indigent prisoner
pro se plaintiff and that a preliminary
and permanent injunction be immediately
issued prohibiting the defendants in
enforcing and/or applying C.G.S. Sec.
52-185(a) to the plaintiff before and/or
after the filing of any contemplated State
common-law personal injury tort action.

V.    CAUSE OF ACTION: Denial of
      Access to the Courts, Due Process
      and Equal Protection of the Law

27. Paragraphs -1 through 26 are incorporated herein by reference as though pleaded herein in full.

28. The enforcement and/or its method of application of the C.G.S., Sec. 52-185(a) upon the plaintiff, who is an indigent prisoner and who has no access to legal services, family or friends to adequately overcome the obstruction that has been placed in front of him by the State statute in filing and later adjudicating his civil action in the Connecticut Superior Court, Judicial District of Tolland at Rockville and any other State judicial district to pursue and litigate his basic claims of tort and other contemplated common-law personal injury cases, had

-23-

deprived, and continues to deprive, the plaintiff of his protected rights to access to the courts, due process and equal protection of the law guaranteed by the First and Fourteenth Amendments of the United States Constitution. These rights are enforceable through Title 42 U.S.C. 1983.

VI. Prayer for Relief

WHEREFORE, the plaintiff seeks this court to:

A. Assume jurisdiction over this action;

B. Enter a judgment declaring unconstitutional the enforcement and/or its method of application of C.G.S. Sec. 52-185(a) in connection to the plaintiff, who is an indigent prisoner who has no

access to legal services, family or friends to adequately overcome the obstruction that has been placed in front of him by the State statute in filing and adjudicating his civil action in State court at Rockville and any other State judicial district, in his pursuit and litigation of his basic claims of tort and other contemplated common-law personal injury cases in the future;

C. Enter a preliminary and permanent injunction on behalf of the plaintiff enjoining and restraining the defendants, their agents and successors in office from obstructing the plaintiff from filing and adjudicating his civil action by their enforcement and/or its methods of application of C.G.S. Sec. 52-185(a) in connection to the plaintiff who is an indigent prisoner who has no access to legal services, family or friends

-25-

to adequately overcome the obstruction that has been placed in front of him by the State statute in filing and adjudicating his civil action in the State court and any other common-law personal injury State tort action in the future;

D. Award the plaintiff the cost and attorneys' fees pursuant to <u>Title 42 U.S.C. 1988</u>;

E. Award the plaintiff such other and further relief as this Court deems just and proper.

Dated: December 23, 2003     THE PLAINTIFF (Pro Se)

Anthony Torres

ANTHONY TORRES #246027
Northern Correctional Institution
287 Bilton Road
Post Office Box -665
Somers, CT 06071

CERTIFICATION

This is to certify that a true copy of the above amended complaint was mailed, postage prepaid, on this 23rd day of December 2003, pursuant to Rule 5(b) of the FRCP, to Philip Miller, Asst Attorney General, Office of the Attorney General, 55 Elm Street, P.O. Box-120, Hartford, CT 06141-0120.

Anthony Torres

ANTHONY TORRES #246027
(Pro Se Plaintiff)

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

*Tel: (860) 808-5020*
*Fax: (860) 808-5347*

December 11, 2003

Mr. Anthony Torres
Inmate #246027
Northern Correctional Institution
287 Bilton Road, P.O. Box 665
Somers, Connecticut 06071

Re:  *Torres v. Pellegrino, et al.*, Case No. 3:03CV424(CFD)(WIG)

Dear Mr. Torres:

I have reviewed your complaint, in which you allege that the defendant, Kathleen F. Chase, at the direction of Judge Terence A. Sullivan, refused to process a complaint, alleging tortuous conduct by various Northern Correctional Institute employees, that you sought to file in the judicial district of Tolland at Rockville for your failure to complete the recognized bond section of the summons form, JD-CV-1. The complaint further alleges that the failure of the defendants "to permit the plaintiff's properly prepared and valid claims to be filed and processed in the State" violates several of your federal constitutional rights.

Having spoken to several of the named defendants, I have been assured that the clerks for the judicial district of Tolland at Rockville will accept and process all future civil actions, even when the recognizance section of the summons form has not been completed. Therefore, I request that you refile your complaint with the clerk in Rockville. Once your complaint has been processed, I further request that you withdraw your current federal lawsuit, as the cause of action it alleges would be moot.

By enabling you to refile your state tort action, I am in no manner representing that any or all defendants will not subsequently move to dismiss your action for failure to file a bond or a recognizance.

Yours truly,

Philip Miller
Assistant Attorney General

Rec'd on
12-16-03

**EXHIBIT**