**FILED**

2004 MAR 29 P 5: 06

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
    Plaintiff,

: Civil Action No.
: 3:03-CV-424
: (CFD) (WIG)

v.

HON. JOSEPH H. PELLEGRINO,
  et al.,
    Defendants.

: March 22, 2004

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

This memorandum is being submitted in opposition to the defendants' motion to dismiss the First Amended Complaint. On or about February 6, 2004, the

defendants filed their motion to dismiss pursuant to <u>Rule - 12(b)(1) of the Federal Rules of Civil Procedure</u>, alleging that this federal court lacks subject-matter jurisdiction over the plaintiff's amended complaint. The plaintiff refutes their legal arguments by presenting legal or valid grounds for this court to have jurisdiction over the subject-matter as argued below and he also provides the accompanied <u>Declaration</u> to support his position.

    The plaintiff will not rehash the facts that are described in the amended complaint and will simply allow the document to speak for itself. The plaintiff does, however, argues the legal aspects of his valid claims which proves by a preponderance of the evidence that subject-matter jurisdiction does in fact exist in this federal civil action.

## THE PLAINTIFF HAS PROVIDED LEGAL STANDING UNDER ARTICLE - III

The amended complaint seeks the prohibition of any and all subsequent enforcement of the Connecticut General Statute, Section 52-185(a) in relations to the plaintiff's filing of any future State common-law personal injury torts or injunctive relief applications on the grounds that the manner in which the State court applies Sec. 52-185(a) towards the plaintiff, Anthony Torres, has effectively blocked him from filing and adjudicating his state civil actions. The defendants are arguing that Mr. Torres is now permitted to file his state lawsuits without hindrance by the Clerk's office. However, the defendants are also declaring, simultaneously, that they cannot assure Mr. Torres that

the state suit will not ultimately be dismissed pursuant to the same statute, <u>Sec. 52-185 (a)</u>, if the defendants named in the state civil suit decides to move for a dismissal for Mr. Torres' failure to file a bond or a recognizance.

The defendants in Mr. Torres' contemplated state lawsuits are employees for the Connecticut State Department of Correction (DOC). Pursuant to the state statute and state constitution, those DOC employees are automatically represented by the state's Attorney General's office — the very same office that is currently representing the defendants in this very federal civil action.

It doesn't require a rocket-scientist to realize that the very

-4-

moment Mr. Torres is allowed to file his lawsuits in state court, as proposed by the defendants in this federal civil action, the state Attorney General, in behalf of the DOC employees, will in fact move to dismiss for failure to file a bond or a recognizance.

The defendants argue that Mr. Torres won't be injured in his filing if the lawsuit is dismissed because of the alleged availability of the state appellate process. The defendants, however, are failing to disclose to the federal court of their <u>well-known knowledge</u> that Mr. Torres has no state appellate process available to him — as a prisoner <u>pro se</u> plaintiff — while incarcerated at the Northern Correctional Institution in Somers, Connecticut. <u>Please examine the plaintiff's attached Declaration</u>.

-5-

There are two concrete reasons why such an appellate process is not available to Mr. Torres:

1. The state injunctive relief Mr. Torres may be seeking would be rendered futile if he has to appeal the matter through the state appellate court – depending upon the cause that had compelled Mr. Torres to apply for the injunctive relief in the first place. Mr. Torres can very easily face serious irreparable harm to his physical safety, as a case example, if his state application for injunctive relief is barred from consideration if the suit is dismissed for failure to comply with Sec. 52-185(a).

2. Mr. Torres, the plaintiff, is being incarcerated until the year

of 2026. From time to time, he will likely pursue claims before the state court. However, Mr. Torres will not be permitted to appeal the dismissal of his state applications for injunctive relief or suit for monetary damages due to his failure to comply with <u>Sec. 52-185(a)</u> because the state Appellate and Supreme Court <u>strictly</u> <u>enforces</u> all <u>pro se</u> prisoners, such as Mr. Torres, to submit their memorandum or brief to the Clerk in typewritten form. In <u>TORRES v. MUNIZ</u>, Docket # CV-00-0439885-S, Connecticut Superior Court, Judicial District of New Haven at New Haven, the plaintiff attempted to appeal a court judgment, after trial, pertaining to a defendant-prison official. The state appeal, A.C. # 23684, was dismissed by the Appellate Court as a <u>direct</u> <u>result</u>

of Mr. Torres' inability to have access to a typewriter to prepare his appeal memorandum or brief. The prison officials at Northern strictly forbids any and all prisoners from having physical access to any typewriter allegedly on the grounds of security concerns. Mr. Torres' attempts to have the Inmate Legal Assistance Program (ILAP) to type the brief also had failed because ILAP has alleged that they were prohibited from providing any and all assistance to Mr. Torres due to his pending civil litigation against that ILAP office for an alleged failure to provide him adequate legal assistance. <u>See attached Declaration of Mr. Torres</u>. The lawsuit against ILAP is still pending before the U.S. Supreme Court on the plaintiff's petition for review of the lower court's dismissal. Attempts

-8-

by Mr. Torres with the <u>Muniz</u> state appeal to waive the typewritten requirement was unsuccessful. The state <u>Muniz</u> appeal was lost as a direct result.

The question the federal court should direct to the defendants in this <u>Pellegrino</u> civil action is simple: "<u>How is Mr. Torres supposed to respond when the state court dismisses the state lawsuit for failure to comply with Sec. 52-185(a)?</u>" In a nutshell, Mr. Torres is back where he had started, or even worst, with one obstacle after another being thrown in front of him.

Mr. Torres' claims of constitutional injury is not "speculative" to meet the requirements of Article-III legal

standing. The actual physical obstruction is present and the defendants had so kindly expressed it in their December 11, 2003 letter to Mr. Torres:

> "By enabling you to refile your state tort action, I am in no manner representing that any or all defendants will subsequently move to dismiss your action for failure to file a bond or a recognizance." <u>See Exhibit-1 of defendants' Memo. in Supp. of Defts' Motion to Dismiss Pltff's First Amended Complaint.</u>

A true case or controversy between Mr. Torres and the defendants in this federal civil action, within the meaning of Article-III, has been established

-10-

through the defendants' letter cited above. The fact that the plaintiff has not filed any state lawsuit since the defendants' letter of December 11, 2003 makes it perfectly clear that the plaintiff has legitimate concerns that the state Attorney General intends to move for dismissal of any state lawsuit filed by Mr. Torres against DOC employees if <u>Sec. 52-185(a)</u> is not complied with.

The unconstitutional obsticles is still in front of Mr. Torres regardless if he files his state lawsuit now or later. What's the difference?!

The defendants' attempts to sugar coat the plaintiff's claims as "pure speculation" is equivalent to arguing that the plaintiff should be shot to death <u>first</u> by a crazy backwoods County Sheriff before

-11-

he's entitled to legal standing in the federal court under Article ~~I~~ III. The plaintiff's argument is that the obstacle <u>must be removed first</u> before he files the state lawsuit with the Clerk. It's interesting to note that the defendants were able to admit the plaintiff strange predicament, or Catch-22, in Paragraph-<u>1</u> on Page-8 of their February 6, 2004 memorandum in support of their motion to dismiss.

The defendants should just simply accept the fact that the warning provided to Mr. Torres, in their December 11, 2003 letter, has in fact sparked the Article-<u>III</u> controversy. Mr. Torres is not going to walk up to a crazy, gun packing, County Sheriff when that Sheriff's intentions is to inflict irreparable harm

-12-

upon him was clearly broadcast by that very Sheriff himself.

There will be <u>no</u> issues more amenable to a final resolution by the federal court after the fact. The issues must be dealt with <u>now</u>. The circumstances have in fact developed to the point where the court can be assured that a live controversy now exists.

## CONCLUSION

Therefore, the defendants motion to dismiss the <u>First Amended Complaint</u> should be denied.

Dated: March 22, 2004    Respectfully submitted,

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Rd., P.O. Box 665
Somers, CT 06071

CERTIFICATION

This is to certify that a true copy of the above memorandum was mailed, postage prepaid, on this 22nd day of March 2004, pursuant to Rule-56) of the FRCP, to Philip Miller, Asst. Attorney General, Office of the Attorney General, 55 Elm Street, P.O. Box-120, Hartford, CT 06141-0120.

_____
ANTHONY TORRES #246027
(Pro Se Plaintiff)

-14-