FILED

2004 MAR 29 P 5: 06

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
    Plaintiff,

       v.

HON. JOSEPH H. PELLEGRINO,
    et al.,
       Defendants.

Civil Action No.
: 3:03-CV-424
  (CFD) (WIG)

: March 22, 2004

## DECLARATION OF ANTHONY TORRES

    I, ANTHONY TORRES, declares under penalty of perjury:

    1. I am the plaintiff in the above-captioned civil action and I submit this sworn declaration in support

of my opposition to dismiss this civil action.

2. I am a sentenced state prisoner and my sentence expires on March 27, 2026. I am currently being housed at the super-maximum prison known as the Northern Correctional Institution (NCI) at Somers, Connecticut. My present DOC classification status is Administrative Segregation (A.S.). I am locked in my cell for 23-hours per day on weekdays and 24-hours per day on weekends and legal holidays.

3. The NCI prison officials strictly prohibits prisoners at Northern from having any physical access to any typewriters for an alleged internal security concern in which they refuse to adequately explain to me.

-2-

4. As the attached Exhibits - A, B and D will show, the Connecticut Appellate and Supreme Court flatly refuses to file any appeal memorandums or briefs submitted by pro se prisoners if the document is not in typewritten form and if other requirements are not complied with pursuant to the Connecticut Practice Book, Section 67-2. As a direct result of this strict rule being enforce by the clerks of that state appellate court my TORRES v. MUNIZ appeal was dismissed.

5. Additionally, the Inmates: Legal Assistance Program (ILAP) is refusing to provide me assistance as described in their letter to me. See Exhibit - C attached. My federal lawsuit against ILAP is now before the U.S. Supreme Court and I expect to have those specific claims presented to the United Nations High Commission for Human Rights

-3-

AT

for review due to the United States'
alleged violation of a specific international
treaty that had been ratified by the
U.S. Senate in 1992 concerning adequate
access to the courts.

6. Since the filing of the above-
captioned federal lawsuit, TORRES v.
PELLEGRINO, and since receiving the
defendants letter dated December 11,
2003, I have not been able to file
any contemplated state lawsuits for
personal injury torts, primarily because
I was not permitted to file the
lawsuit in the Clerk's office unless I
comply with C.G.S., Sec. 52-185(a)
and, subsequently thereafter, now that
the defendants have lifted that ban,
I was informed by the defendants'
letter of December 11, 2003 that
any state lawsuit I file, without
complying with Sec. 52-185(a) will or

-4-

may result in a motion for dismissal.

7. Based on my personal experience in civil litigation in Connecticut, I'am fully aware of the fact that those motions are automatically granted by the state courts.

8. Due to the various obstacles as I described in this Declaration above, I will not be able to appeal any dismissal of my lawsuits with the state appellate court.

9. I have no other adequate remedy at law except to seek this federal court to strike down, as unconstitutional, Sec. 52-185(a), as it is being applied to me by the defendants.

-5-

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of March 2004.

Submitted by,

_Anthony Torres_

ANTHONY TORRES #246027
(Pro Se Plaintiff)
Northern Correctional Institution
287 Bilton Road
Post Office Box - 665
Somers, CT 06071

- 6 -

CERTIFICATION

This is to certify that a true
copy of the above Declaration was
mailed, postage prepaid, on this 22nd
day of March 2004, pursuant to
Rule - 5(b) of the FRCP, to Philip
Miller, Asst. Attorney General, Office
of the Attorney General, 55 Elm Street,
P.O. Box - 120, Hartford, CT 06141-
0120.

ANTHONY TORRES # 246027
(Pro Se Plaintiff)

-7-



APPELLATE COURT
OF THE
STATE OF CONNECTICUT

---

ANTHONY TORRES,            Docket No.
    Appellant,             A.C. - 23684

    v.

ALEJANDRO MUNIZ,
    Appellee.              December 18, 2002

---

APPELLANT'S MOTION FOR
LEAVE TO FILE BRIEF AND
OTHER PAPERS IN HANDWRITTEN
FORM

---

The appellant moves this Court for
leave to file his brief and other papers in
handwritten form, on the grounds that the
format described in Section 67-2 of the
Connecticut Practice Book cannot be

---

NO ORAL ARGUMENT NEEDED

EXH - A



accomplished by the appellant due to his condition of confinement. In support of this motion the appellant submits the following facts:

1.  The appellant is incarcerated at the Northern Correctional Institution (NCI) in Somers, Connecticut. The NCI is a super-maximum security control housing facility, that does not permit prisoners access to a typewriter for his legal or social work. This ban is enforce across the board and no exception by the NCI prison officials will be granted.

2.  Therefore, it would be impossible for the appellant to submit his brief and other papers in a typewritten format in this appeal.

WHEREFORE, the appellant respectfully moves this Court for leave to file his brief and other papers in



handwritten form and that the format rules under, Section 67-2 of the C.P.B. be waived.

Dated: December 18, 2002 Respectfully submitted,

_Anthony Torres_

ANTHONY TORRES #246027
(Pro Se Appellant)
Northern Correctional Institution
287 Bilton Road
Post Office Box -665
Somers, CT 06071

## O R D E R

This court having taken into consideration of appellant's abovesaid motion for leave to file brief and other papers in handwritten form, it is hereby ORDERED:

GRANTED/DENIED

Date: _____

_____
Judge/Clerk/Asst. Clerk

-3-



## CERTIFICATION

This is to certify that a true copy of the aforesaid _Appellant's Motion for Leave to File Brief and Other Papers In Handwritten Form_ was mailed, postage prepaid, on this 18th day of December 2002, pursuant to Conn. Prac. Bk., Sec. 62-7, to Steven Strom, Asst. Attorney General, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

ANTHONY TORRES #246027
(Pro Se Appellant)

# APPELLATE COURT

# STATE OF CONNECTICUT

AC 23684

ANTHONY TORRES

V.

ALEJANDRO MUNIZ

FEBRUARY 5, 2003

## O R D E R

THE MOTION OF THE APPELLANT, FILED DECEMBER 24, 2002 FOR LEAVE TO FILE BRIEF AND OTHER PAPERS IN HANDWRITTEN FORM, HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY O R D E R E D DENIED. IT IS FURTHER ORDERED SUA SPONTE, THAT THE PLAINTIFF-APPELLANT MUST FILE A BRIEF IN FULL COMPLIANCE WITH THE APPELLATE RULES ON OR BEFORE MARCH 7, 2003 OR THE APPEAL WILL BE DISMISSED.

BY THE COURT,

ASSISTANT CLERK-APPELLATE

NOTICE SENT: FEBRUARY 5, 2003
ANTHONY TORRES, PRO SE
STEVEN R. STROM, A.A.G.

er                                               595/2643



EXH-B

LAW OFFICES OF
# SYDNEY T. SCHULMAN
ATTORNEY AT LAW
10 GRAND STREET
HARTFORD, CONNECTICUT 06106-1596

SYDNEY T. SCHULMAN*
ROBERT E. SCHULMAN**

\* ALSO ADMITTED IN
MASSACHUSETTS AND MINNESOTA
\*\* ALSO ADMITTED IN
NEW YORK AND WASHINGTON

(860) 522-2960
FAX: (860) 522-0130

MASSACHUSETTS OFFICE:
52 MULBERRY STREET
SPRINGFIELD, MA 01105
(413) 781-5400

INMATES LEGAL ASSISTANCE
78 OAK STREET
HARTFORD, CT 06106
(860) 246-1118

February 18, 2003.

Mr. Anthony Torres
Inmate # 246027
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, Ct. 06071

Re: Legal Services Assistance

Dear Mr. Torres:

Atty. Kenneth Speyer of my Inmates Legal Assistance Program advised me of communications he has been having with you relative to your legal matters. I told him that I would contact you to explain our position. In your letter of February 10, 2003, you confirm that you are continuing to pursue your case against our office in the matter of Torres v. Armstrong, et al, 3:02 - CV - 2233 (SRU). You then state that if we don't help you in your other civil matters and if you are injured by that, you will file additional lawsuits against us.

The plain fact of the matter, Mr. Torres, is that if we do help you in other civil matters, I and the other lawyers in our private law firm can be disciplined for violations of our Canons of Ethics. The Canons of Ethics and the rulings by the Ethics Committee, whether you want to accept it or not, state that if a client files a grievance or sues the lawyer, neither that lawyer nor any other member of his or her firm can represent or assist the client in legal matters while that is pending. I can assure you that if you wish to contact the State Bar Ethics Committee and ask for an opinion, you will see that I am right. Thus, there is no way that I will or can permit any assistance to any client who is filing a grievance or a lawsuit against our firm or any member of our firm. That's the law. In fact, while such is pending, I cannot even permit a lawyer of our firm to review your other cases and determine if we would help you by determining if you could present a prima facie case. Thus, we will not provide assistance at this time, and you may take whatever action you feel is in your best interests. I hope this clarifies the matter.

Very truly yours,

Sydney T. Schulman
STS:eis

EXH-C

# APPELLATE COURT

## STATE OF CONNECTICUT

AC23684

ANTHONY TORRES

V.

ALEJANDRO MUNIZ

March 10, 2003

## ORDER

PURSUANT TO THE APPELLATE COURT ORDER OF FEBRUARY 5, 2003, ORDERING THE DISMISSAL OF THE ABOVE-CAPTIONED APPEAL UNLESS THE BRIEF OF THE PLAINTIFF-APPELLANT WAS FILED ON OR BEFORE MARCH 7, 2003 AND AS OF THIS DATE SAID BRIEF NOT HAVING BEEN FILED, YOU ARE HEREBY ADVISED THAT SAID APPEAL IS DISMISSED.

BY THE COURT,

*Carolyn C. Ziogas*

ASSISTANT CLERK-APPELLATE

NOTICE SENT:  MARCH 10, 2003
ANTHONY TORRES, PRO SE
STEVEN R. STROM, A.A.G.
HON. WILLIAM L. HADDEN
CLERK, NEW HAVEN SUPERIOR COURT
(CV00-0439885S)
TO PAC

dcm

Rec'd on
3-11-03
AT

EXH - D