UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY TORRES | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03 CV 424 (CFD) |
| | : | |
| JOSEPH H. PELLEGRINO, et al.[1] | : | |

RULING ON DEFENDANTS' MOTIONS TO DISMISS

    The plaintiff, Anthony Torres, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He is currently incarcerated at the State of Connecticut Northern Correctional Institution. Torres claims that the defendants - - three Connecticut state court judges and a clerk - - are enforcing a Connecticut statute which requires plaintiffs to file a recognizance or bond when commencing civil actions in the Superior Court. He claims the enforcement of this statute denies him access to courts, in violation of the U. S. Constitution. He asks the court to declare the statute unconstitutional and prohibit the defendants from enforcing it.

    The defendants have moved to dismiss the action on the ground that the court lacks subject matter jurisdiction over the claims in the amended complaint and Torres lacks standing. Torres sues the defendants in their official capacities only. For the reasons that follow, the defendants' motion is granted.

---

[1] The defendants are Chief Court Administrator Judge Joseph H. Pellegrino, Superior Court Judge John J. Langenbach, Superior Court Judge Terence A. Sullivan and Chief Clerk Kathleen F. Chase.

Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering a motion to dismiss for lack of jurisdiction, the court may resolve jurisdictional factual issues by referring to evidence outside of the pleadings, such as affidavits or documentary exhibits.  See Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (subject matter jurisdiction); A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993) (personal jurisdiction).  In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants."  Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

<u>Facts</u>

Torres alleges that in 1999 and 2000 he was permitted to file civil suits in the New Haven Superior Court <u>in forma pauperis</u> and the court then waived the statutory requirement that he provide a bond or recognizance for costs. <u>See</u> Conn. Gen. Stat. § 52-185(a). In May 2002, Torres commenced a civil action against a number of corrections officers at Northern Correctional Institution in the Superior Court for the Judicial District of New Haven. That case was subsequently transferred to the Superior Court for the Judicial District of Rockville at Tolland. <u>See</u> <u>Torres v. Butler, et al.</u>, Docket Number CV-02-0075902-S. Torres alleges that corrections officers at Northern Correctional Institution committed additional unlawful acts against him after he commenced that action. Instead of moving to amend the complaint in the <u>Butler</u> case, Torres initiated a new action in state court.

In December 2002, Torres attempted to file this new case by mailing a summons, complaint and motion for waiver of fees to Chief Clerk Kathleen Chase in the Superior Court for the Judicial District of Rockville at Tolland. Torres did not complete the recognizance section of the summons form.

On January 9, 2003, Chase presented Torres' papers to Administrative Judge Sullivan. Judge Sullivan instructed Chase not to file the papers because the recognizance section of the summons had not been completed by the plaintiff. Chief Clerk Chase returned the suit papers to Torres. On January 10, 2003, Torres mailed letters to Chief Administrative Judge Langenbach and Chief Court Administrator Pellegrino asking them to intervene in the situation. Torres alleges that Judge Pellegrino responded to his letter, but refused to intervene and Judge Langenbach did not respond in any manner. Torres then commenced the instant action.

On December 11, 2003, counsel for the defendants in the instant action sent Torres a letter seeking to resolve this case. In the second paragraph of the letter, counsel represented that the defendants had assured him that the Clerks in the Superior Court for the Judicial District of Tolland at Rockville would now accept all civil complaints even if the recognizance section of the summons form was not completed. Counsel suggested that Torres re-file his action with the Clerk in Rockville. Counsel also requested that Torres withdraw this lawsuit after his complaint had been processed by the Clerk in Rockville as all his claims would be moot.

In the last paragraph of the letter, counsel informed Torres that he could not represent that any defendants in a future lawsuit filed by Torres would not move to dismiss the complaint for failure to file a bond or recognizance. Because Torres believed that future defendants in this or other actions will move to dismiss complaints for failure to file a bond or recognizance, he rejected the offer of settlement and has not re-filed his complaint in state court. Torres seeks injunctive and declaratory relief against the defendants in their official capacities.

Discussion

The defendants argue that the court lacks subject matter jurisdiction to entertain this case because the plaintiff has no standing to raise the claims in the amended complaint. Article III, § 2 of the United States Constitution restricts federal courts to deciding "cases" and "controversies." One essential "element of the case or controversy requirement" is standing to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997). The Supreme Court has held that "a plaintiff must meet three requirements in order to establish Article III standing," injury in fact, causation and redressability. Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000). First, a plaintiff must demonstrate an "injury in fact" which is "concrete,"

"distinct and palpable," and "actual or imminent, not conjectural or hypothetical." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155 (1990) (internal quotation marks and citations omitted).  Second, a plaintiff must establish "a causal connection between the injury and the conduct complained of--the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not ... th[e] result [of] some third party not before the court.'" <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992) (quoting <u>Simon v. Eastern Ky. Welfare Rights Organization</u>, 426 U.S. 26, 41-42 (1976)).  Third, a plaintiff must demonstrate a "'substantial likelihood' that the requested relief will remedy the alleged injury in fact." <u>Stevens</u>, 529 U.S. at 771 (quoting <u>Simon</u>, 426 U.S. at 45).

Here, the plaintiff's alleged injury in fact is too remote and speculative to satisfy Article III standing.  See <u>Whitmore</u>, 495 U.S. at 158 ("A threatened injury must be certainly impending to constitute injury in fact") (internal quotation marks and citations omitted); <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 102, (1983) (A plaintiff seeking injunctive relief must show he is "'immediately in danger of sustaining some direct injury' as [a] result" of the challenged conduct).

Torres concedes that he may re-file his civil action without posting a bond or recognizance.  He alleges, however, that he has not re-filed because the defendants in the action might move to dismiss the action on the ground that it lacks a bond or recognizance and the judge assigned to the case might grant the motion.  However, this prospect is speculative and the potential injury, denial of access to courts, is not imminent or immediate.  Thus, Torres has not met the injury in fact requirement of Article III standing.

Conn. Gen. Stat. § 52-185, which requires plaintiffs in civil actions to provide a bond to opposing parties for future costs, also states that failure to comply with this requirement does not affect the filing of the action. Rather, the opposing party must subsequently file a motion to dismiss the action (referred to in the statute as a plea in abatement). Conn. Gen. Stat. § 52-185(d). The Connecticut Practice Book confirms this approach:

> When there has been a failure to comply . . . the validity of the writ and service shall not be affected unless the neglect is made a ground of a motion to dismiss.

Connecticut Practice Book, § 8-5

Although the Appellate Courts of Connecticut have not addressed the issue of whether the requirement of a bond may be waived for indigent defendants, Superior Court decisions indicate that while that requirement may not be waived, the financial circumstances of the plaintiff may be considered in setting the amount of the bond in acting on a motion to dismiss. See, e.g., Quinones v. Armstrong, No. CV020816230S, 2002 WL 31762120 at *3 (Conn. Super. Ct. Nov. 21, 2002), Loughery v. Commissioner of Correction, No. CV0108120615, 2002 WL 1903092 at *11 (Conn. Super. Ct. July 9, 2002); Steinkamp v. Jacque, 36 Conn. Supp. 37, 410 A. 2d 489 (Conn. Super. Ct. 1979).

In light of defendants' counsel's letter which corrects the problem of Torres not being permitted to file his action, and the speculation whether a defendant would move to dismiss on the basis of the absence of a bond as well as the uncertainty as to the Superior Court's action in response to such a motion, Torres has failed to meet the "imminent and immediate" injury

6

requirement for Article III Standing as well as its causation component. Accordingly, the Court lacks subject matter jurisdiction over this action[2]. The motion to dismiss is granted.

## Conclusion

The defendants' Motion to Dismiss **[doc. #18]** the complaint is **DENIED** without prejudice as moot in light of the filing of the amended complaint. The Motion to Dismiss **[doc. # 26]** the amended complaint is **GRANTED**. All claims are DISMISSED as lacking an arguable legal basis. See 28 U.S.C. § 1915(e)(2)(B)(I). The Clerk is directed to close this case.

SO ORDERED.

Entered this  15th  day of September, 2004, in Hartford, Connecticut.


    /s/ CFD
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

---

[2] If Torres is claiming that the granting of a motion to dismiss on the basis of failure to post a bond is the harm, that claim is not yet ripe, thus precluding review on that basis. Erwin Chemerinsky, Constitutional Law, Principles and Practices, § 2.6.1 (2d ed. 2002).